**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUAN XUE,<br><br>      Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>      Respondent. | No. 16-72697<br><br>Agency No. A200-253-745<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021[**]
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Duan Xue ("Xue") petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of her appeal from the Immigration Judge's ("IJ") denial of Xue's

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). Because the parties are familiar with the facts

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and procedural history of the case, we do not recite them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

Where the BIA incorporates the findings of the IJ as its own, we review both the BIA and IJ decisions. *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008). Under the Immigration and Naturalization Act ("INA"), "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The INA delegates discretion to the Attorney General to grant asylum to a refugee. 8 U.S.C. § 1158(b). A refugee is a person unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

To qualify for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), a noncitizen must establish by a "clear probability" that her "life or freedom would be threatened" upon return to her country because of her "race, religion, nationality, membership in a particular social group, or political opinion." *Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007) (citations omitted). The "clear probability" standard for withholding of removal is more stringent than the "well-founded fear" standard for asylum, in part, because withholding of removal is a mandatory form of relief. *Id*. (citation omitted). So, "failure to satisfy the lesser standard of proof

2

required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). To establish entitlement for CAT protection, an applicant must show that it is more likely than not that she would be tortured by or with the consent or acquiescence of a public official if removed to the proposed country of removal. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003) (citing 8 C.F.R. § 208.16(c)(2)); 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

For the following reasons, Xue's petition for review is denied.

First, substantial evidence supports the agency's denial of relief on adverse credibility grounds based on inconsistencies in the record. Both the IJ and the BIA identified reasons for finding Xue not credible, and nothing in the record compels us to reverse that determination. Although many reasons were identified, two clear inconsistencies were: (1) the inconsistencies between Xue's testimony and witness testimony regarding Pastor Yeh's international travel and Xue's subsequent failure to submit a timely letter from Pastor Yeh; and (2) the inconsistent testimony regarding Xue's attendance of the Hayward Church. The agency properly based its

adverse credibility finding on these inconsistencies, and so the agency's adverse credibility finding was based on substantial evidence.

Second, substantial evidence supports the determination that Xue did not establish a clear probability of torture by or with the acquiescence of a government official. The record does not support Xue's argument that she would be tortured by or with the consent of a public official if she returns to China. Because the IJ found Xue to be not credible, the IJ properly reviewed the general country conditions evidence. This evidence did not show Xue's risk of torture in China was "more likely than not." Xue gave no evidence compelling reversal of the agency's determination. Because Xue has not shown a clear probability of torture by or with the acquiescence of public officials upon her return to China, she has not established eligibility for CAT protection.

**PETITION DENIED.**